IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMES T. ROBINSON,

    Petitioner,

vs.                                      Case No. 4:05cv1-RH/WCS

JAMES CROSBY,

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a 28 U.S.C. § 2254 petition challenging his conviction for resisting an officer with violence. Doc. 1. Leave to proceed in forma pauperis was granted, and Petitioner was directed to file an amended petition. Doc. 6.

In directing amendment, the court advised Petitioner that he was entitled to relief in this court only on a claim that he was "in custody in violation of the Constitution or laws or treaties of the United States." Doc. 6, p, 2, *quoting* § 2254(a). Petitioner was advised that the fact (as alleged in the initial petition) that he was acquitted of theft did not necessarily undermine his conviction for resisting with violence, even as a matter of state law. *Id.*, pp. 2-3, *citing* Jacobson v. State, 476 So.2d 1282, 1287 (Fla.1985) and Kaiser v. State, 328 So.2d 570 (Fla. 3d DCA 1976).

Petitioner filed two amended § 2254 petitions. Docs. 7 and 8. While "[n]either amendment is a model of clarity," the court entered a show cause order, finding it unlikely further amendment would "improve the quality of the allegations." Doc. 9, p. 1. The clerk was directed to furnish both the amended and second amended petitions to Respondent Crosby, who was directed to file an answer or other pleading in response. *Id.*, p. 2. Petitioner was given the opportunity to file a reply, but not required to do so, no later than June 9, 2005. *Id.*, p. 3.

Respondent filed a motion to dismiss. Docs. 10 and 11 (hereafter references to exhibits are to those submitted with the motion).[1] To date, Petitioner has not filed a reply.

As previously noted, Petitioner's claims are unclear. While he is obviously challenging his sentencing under the Prison Releasee Reoffender Act (PRRA), there is no apparent federal basis for his claim.

As summarized in the appellate briefs, Petitioner was charged with petty theft and resisting an officer with violence following an incident in Wal-Mart on September 11, 2002. Ex. K, pp. 2-3; Ex. L, pp. 3-7 (initial and answer briefs). Petitioner went to the service counter with clothing to exchange, but had no receipt or sticker for return merchandise. Betty Smith, working at the service counter, recognized Petitioner as there was a trespass warrant against him and he was not supposed to be in the building. She told Petitioner he did not bring the items with him but had picked them up

---

[1] Two motions to dismiss (docs. 10-1 and 11-1) were electronically filed on the same day, each with a separate index of exhibits (docs. 10-2 and 11-2). The electronic filings appear to be identical. Paper copies of the exhibits were provided by mail rather than electronically filed, as requested in the order to show cause. Doc. 9, p. 2.

Case No. 4:05cv1-RH/WCS

in the store, and he should just leave them and go. They argued, and Defendant took the merchandise and left the store cursing. The police had been called, and Petitioner was picked up in the parking lot and brought back to the store. Petitioner lunged at Smith and threatened to kill her, and was held back by two police officers. He was told he was under arrest, and continued swinging and flailing until the officers were able to handcuff him. It was a fairly violent struggle, referred to by one of the officers as a wrestling match.

Petitioner was found guilty of resisting arrest with violence but not guilty of the petty theft. Ex. C. Petitioner was sentenced under the PRRA because he had been released from prison on June 10, 2002, and this offense occurred on September 11, 2002. Ex. D (excerpt of sentencing transcript), pp. 105-109.[2] *See also* Rivera v. State, 877 So.2d 787, 789 (Fla. 4th DCA 2004) (for sentencing under the PRRA, "the state had to prove that [defendant] committed the current crime, constituting an offense involving the threat or use of physical force or violence against an individual, within three years of release from a state correctional facility.") (citing Fla. Stat. § 775.082(9)(a) 1.o.). The minimum sentence was therefore the statutory maximum of five years imprisonment. Ex. D, p. 109.

Petitioner argued to the court at sentencing that the charges "for this PRR thing . . . the charges that I was in prison for already, previous, they wasn't no charges. It was

---

[2] According to the prosecutor, Petitioner had "prior convictions for attempted robbery without a weapon, prior convictions for attempted lewd and lascivious act in the presence of a child, prior convictions of battery by an inmate. Those are just his felonies. My records show 43 misdemeanor arrests, and 22 misdemeanor convictions." Ex. D, p. 106.

just like violation of probation, you know what I'm saying." Ex. D, p. 104. The court explained that it was controlled by his release date from prison prior to this offense. *Id.*, p. 105. He argued that he was found not guilty of the theft, which showed that he was not doing anything wrong at Wal-Mart, and if he was found not guilty then "basically I should be found innocent in all matters, since I wasn't guilty." *Id.*, p. 107. He said he "didn't do anything" in Wal-Mart, "I was just basically shopping and doing something." *Id.*, p. 108. The court explained that the jury had a reasonable doubt of whether he was guilty of the petty theft, but they found him guilty of resisting an officer with violence, a third degree felony, which was committed within a few months of his release from prison. *Id.*

Petitioner argues here that resisting an officer with violence is not listed in § 775.082(9)(a), that "resisting an office [sic] with violence don't [sic] occur under" the Act, that the applicable sentence under the statute for resisting an officer with violence was not administered by the trial court, and that "a sentence under the one Judge recommended should not be enhanced by more than the recommended sentence." Doc. 7, pp. 4-5. He asserts that it was unconstitutional to sentence him under the statute, asserts "new evidence" as he was found not guilty of petty theft and the total cost of property was $869,[3] that "[t]he offense was used a prior [sic] to sentence the petitioner, before he became insolvent in the case, the offense is a level 1, and should

---

[3] Petitioner may be referring to the property (clothing from the store or other property) taken from him at the time of his arrest. He asked the sentencing court about the property taken from him at arrest. Ex. D, p. 110. The docket in his criminal case reflects attempts to obtain return of property. Ex. R. The docket also reflects some 100 post conviction motions for relief from his sentence.

Case No. 4:05cv1-RH/WCS

not have been used to sentence Petitioner in state violation." Doc. 8, pp. 4-5. For relief, Petitioner seeks a correction of his sentence, and to have his case assigned to county court in Tulsa, Oklahoma. Doc. 7, p. 6; doc. 8, p. 6.

To the extent the claims make sense at all they do not entitle Petitioner to federal habeas corpus relief. Resisting arrest with violence qualifies as "any felony that involves the use or threat of physical force or violence against an individual" under Fla. Stat. § 775.082(9)(a)1.o. (2001); Watson v. State, 749 So.2d 556, 556-557 (Fla. 2d DCA 2000) (holding that resisting arrest with violence fits this language), *receded from on other grounds*, Matthews v. State, 774 So.2d 1 (Fla. 2d DCA 2000). Moreover, as argued by Respondent, this challenge is based on an issue of Florida sentencing law, which is not cognizable under § 2254. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (challenge to state court's application of state sentencing guidelines was not cognizable under § 2254 even when "couched in terms of equal protection and due process.") (citations omitted).

Finally, it is noted that Petitioner's enhanced sentencing as a recidivist does not implicate Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny. United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005) (this line of cases "left undisturbed" the rule "that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt," collecting cases); McGregor v. State, 789 So.2d 976, 977-978 (Fla. 2001) (Apprendi does not apply to PRR sentencing).

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 10 and 11) be **GRANTED**, and the § 2254 petition (including both the amended and second amendments, docs. 7 and 8), challenging the judgment of the Second Judicial Circuit, Gadsden County, case 02-00601CFA, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2005.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**